UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE RODRIGUEZ PARRA, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-07316-SPG-JC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br>**[ECF NO. 12]** |

Before the Court is the Motion to Remand (ECF No. 12 ("Motion")) filed by Plaintiff Eddie Rodriguez Parra ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

**I.　BACKGROUND**

On or about February 23, 2019, Plaintiff purchased a 2019 GMC Sierra 1500, manufactured and sold by Defendant General Motors LLC ("Defendant"). (ECF No. 1-1 ("Complaint") ¶¶ 6, 9). When Plaintiff purchased the vehicle, he received express written

warranties that provided that, in the event of a nonconformity during the warranty period, Plaintiff could deliver the vehicle to Defendant's authorized service facilities for repair. (*Id.* ¶ 11). During the warranty period, the vehicle developed infotainment and engine defects that impaired the vehicle's use, value, and safety. (*Id.* ¶ 12). Plaintiff delivered the vehicle to Defendant, which failed to repair the vehicle even after a reasonable number of opportunities to do so. (*Id.* ¶¶ 13-14). Plaintiff states that, in light of the nonconformities, he justifiably revoked acceptance of the vehicle and exercised his right to cancel the contract. (*Id.* ¶ 23).

Plaintiff asserts claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.*, and the federal Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* (*Id.* at 12-16). As relief, Plaintiff seeks actual damages, restitution, civil penalties, remedies authorized by California Commercial Code §§ 2711-13, and attorney's fees. (*Id.* at 17).

Plaintiff initiated this action in Los Angeles County Superior Court on March 27, 2025. (*Id.* at 11). Defendant filed an answer on May 16, 2025. (ECF No. 1-2). On June 15, 2025, Plaintiff produced a copy of the vehicle's sales agreement, which identifies a total sales price of $68,185.00. (ECF No. 12-1 ("Yang Declaration") ¶ 7). Defendant removed the action to this Court on August 7, 2025. (ECF No. 1).

Plaintiff filed the instant Motion on September 5, 2025, arguing that Defendant's notice of removal was untimely filed. (Mot.). Defendant filed an opposition on September 30, 2025, (ECF No. 13 ("Opposition")). Plaintiff has not filed a reply brief.

**II.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is

diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Federal law sets forth two separate deadlines, which, if triggered, require a defendant to initiate removal within thirty days: (1) following service of an initial pleading that affirmatively reveals the basis for removal; or (2) if "the case stated by the initial pleading is not removable," following receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The first thirty-day deadline "only applies if the case stated by the initial pleading is removable on its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). A defendant may remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff's sole argument in favor of remand is that Defendant's notice of removal was untimely. (Mot. at 7). Plaintiff argues that removability was clear on the face of the Complaint and that disclosure of the purchase agreement resolved any doubt about the

amount in controversy. (*Id.* at 7-10). Defendant responds that while it could have removed the case at any time, it was not required to do so because neither the Complaint nor the sales agreement contained sufficient information to ascertain the amount in controversy. (Opp.). The Court will consider whether either of the thirty-day deadlines in § 1446(b) was triggered.

### A. The Complaint

Plaintiff first argues that removability was clear on the face of the Complaint because the Complaint contained a claim under the MMWA, which is a federal cause of action. (Mot. at 7). However, while the MMWA creates a federal cause of action, such claims cannot serve as the basis for federal question jurisdiction unless the amount in controversy equals or exceeds "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined" in the suit. 15 U.S.C. § 2310(d)(3)(B); *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."). Thus, Plaintiff must still show that the amount in controversy was evident from the face of the Complaint to trigger the thirty-day deadline.

Next, Plaintiff argues that the Complaint contained sufficient allegations such that Defendant could plausibly allege satisfaction of the amount in controversy requirement. (Mot. at 8). Plaintiff cites to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), for the proposition that a notice of removal requires only plausible allegations that the threshold requirements are met. However, *Dart* set out the standard for a defendant's notice of removal, not the standard to trigger either of the thirty-day deadlines in § 1446(b). See *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."). As set forth above, the standard here is not whether the Complaint contains sufficient allegations such that Defendant could plausibly allege federal jurisdiction, but whether "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694.

-4-

Case 2:25-cv-07316-SPG-JC   Document 16   Filed 11/14/25   Page 5 of 8   Page ID #:143

Finally, Plaintiff argues that "Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold." (Mot. at 9). Specifically, Plaintiff points to allegations in the Complaint as to the make, model, year, and VIN of the vehicle, which would allow Defendant "to ascertain an approximation" of the vehicle's market value. (*Id.*). Plaintiff also argues that the Complaint lays out the specific forms of statutory relief sought, such that Defendant could calculate an approximate amount in controversy. (*Id.* at 10).

The Ninth Circuit has previously rejected such arguments. A defendant is required to examine only "the four corners of the applicable pleadings" and need not rely on "subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Even assuming Defendant had documents in its possession from which it could approximate the amount in controversy, it was not required to "rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable." *Carvalho v. Equifax Inf. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010). Thus, absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline. *See, e.g.*, *Alvarez-Munguia v. Ford Motor Co.*, No. 23-cv-02751-BLF, 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024) (concluding that complaint did not trigger thirty-day removal deadline because it alleged only categories of relief and did not identify any "specific measure of damages, nor [did] it allege the amount of attorneys' fees and costs incurred"); *Pastrana v. Nissan N. Am., Inc.*, No. 8:24-cv-00515-FWS-ADS, 2024 WL 2817533, at *2 (C.D. Cal. June 3, 2024) (concluding that thirty-day deadline was not triggered where "the Complaint does not list a dollar amount corresponding to the damages"). Plaintiff does not point to anywhere in the Complaint that affirmatively revealed the amount in controversy. Accordingly, the first thirty-day deadline in § 1446(b) was not triggered.

-5-

B.  **Service of Sales Agreement**

To the extent that Plaintiff argues that production of the vehicle's sales agreement was sufficient to trigger the second thirty-day deadline for removal, the Court rejects this argument under the facts of this case.

Because the MMWA does not specify the appropriate measure and type of damages, courts have turned to applicable state law to determine the available remedies. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005). The applicable state law for Plaintiff's claims is the Song Beverly Act.[1] *See id.* Under the Song Beverly Act, the purchaser of a vehicle may obtain restitution equal to "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(1). The usage offset is calculated by multiplying the purchase price by a fraction with a denominator of 120,000 and a numerator of "the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer." *Id.* § 1793.2(d)(2)(C). In addition, under newly enacted California law, defendants in actions seeking restitution for motor vehicles are entitled to offset from the purchase price any negative equity, manufacturer's rebate, third-party sold optional equipment, and unpaid financing. Cal. Code Civ. Proc. § 871.27(b), (c), (d), (f).[2] The Ninth Circuit has explained that, because "an estimate of the amount in controversy must be reduced if 'a

---

[1] Defendant notes that some courts have found that California's version of the UCC provides an alternative basis for calculating MMWA damages to the Song Beverly Act. (Opp. at 16); *see Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1332 (2014) (finding error in trial court's conclusion that the only available remedies under the MMWA were those available under the Song Beverly Act). While Plaintiff makes no argument to this effect, the Complaint does seek remedies under California Commercial Code §§ 2711-13 in addition to those under the Song Beverly Act. However, to the extent these remedies provide an alternative measure of the amount in controversy under the MMWA, the sales agreement still does not make it "unequivocally clear and certain" that the amount in controversy requirement is met under these theories.

[2] Section 871.27 was enacted as part of Assembly Bill 1755 and went into effect on January 1, 2025. *See* A.B. 1755, 2023-24 Leg., Reg. Sess. (Cal. 2024). Because this action was initiated after January 1, 2025, these requirements apply here.

specific rule of law or measure of damages limits the amount of damages recoverable,'" consideration of the Song Beverly Act's offsets in calculating the amount in controversy is "appropriate." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (quoting *Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113, 1115 (9th Cir. 1983)).

Taking into account these statutory offsets, the disclosure of the sales agreement did not make it "unequivocally clear and certain" that the case was removable. *See Dietrich*, 14 F.4th at 1095. While Plaintiff disclosed the purchase price of the vehicle, he did not provide information about the vehicle's "payoff history" or the number of miles driven. *See* (Yang Decl. at 9). Defendant therefore lacked information needed to calculate the available damages. *See Lopez v. Gen. Motors, LLC*, No. CV 25-06549-MWF(MAAx), 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025) (denying motion to remand because "Defendant could not have calculated the unpaid financing offset without the loan payment history"); *see also Covarrubias v. Ford Motor Co.*, No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (finding amount in controversy to be "indeterminate" where the complaint "fail[ed] to provide information from which the vehicle's mileage use offset can be determined" and failed to provide "the total cash price paid for a purchased, or monthly payments made on a leased, vehicle").

While the inclusion of attorney's fees and civil penalties, coupled with the disclosure of the vehicle's purchase price, may have made it *likely* that the amount in controversy requirement was met, the Ninth Circuit has adopted a "bright-line approach" requiring that removability be "unequivocally clear and certain" to trigger the removal deadline. *Dietrich*, 14 F.4th at 1095; *Harris*, 425 F.3d at 697. Because actual damages were uncertain, Defendant had no basis to calculate civil penalties. *See Lopez*, 2025 WL 2629545, at *4 ("Defendant could not have calculated civil penalties in this action until the actual damages were certain."); *see also Crescencio v. Ford Motor Co.*, No. CV 24-10946-MWF (BFMx), 2025 WL 1122096, at *3 (C.D. Cal. Apr. 9, 2025) ("Because the Complaint does not include sufficient information from which [the defendant] could reliably calculate actual damages, any estimate of civil penalties was equally uncertain."). As to attorney's

fees, Plaintiff provided no information from which Defendant could calculate any such award, let alone with unequivocal certainty. *See Lopez*, 2025 WL 2629545, at *4 (finding it "implausible at this early stage of the action" that defendant could determine that attorney's fees would exceed the $50,000 threshold).

Accordingly, Plaintiff's disclosures did not trigger the second thirty-day deadline for removal. Because neither of the thirty-day deadlines in § 1446(b) was triggered, and because the case was removed within a year of its commencement, *see* 28 U.S.C. § 1446(c)(1), Defendant's removal was timely.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand.

**IT IS SO ORDERED.**

DATED: November 14, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE